# SETTLEMENT AND RELEASE AGREEMENT

**1.     Parties and Released Parties:**

This document sets forth the terms and conditions of the Settlement and Release Agreement ("Agreement") by and between Eve Poythress ("the Releasor") and Kalka & Baer, LLC. ("the Employer").   The term "Releasees" is defined as the Employer and all of its corporate parents, subsidiaries, divisions, and affiliates, and all of their current and former officers, directors, employees, shareholders, servants, agents, officials, insurers, and attorneys, in their official and individual capacities, together with their predecessors, successors, and assigns, both jointly and severally.

**2.     Payment and Consideration:**

A.     Following the effective date of this Agreement and the Court's approval of this Agreement and dismissal of claims as set forth in paragraph 4, the Employer will pay to the Releasor a total amount of Seven Thousand Four Hundred Forty-Three and 80/100 dollars ($7,443.80), which will be paid in three checks as follows:

   1.     One check made payable to Eve Poythress in the amount of One Thousand Nine Hundred Seventy-One and 90/100 dollars ($1,971.90), less all deductions and withholdings required by law, to represent the Releasor's claims for unpaid overtime wages, and which will be reported by the Employer to the Releasor on a Form W-2; and

   2.     One check made payable to Eve Poythress in the amount of One Thousand Nine Hundred Seventy-One and 90/100 dollars ($1,971.90), with no deductions or withholdings made, to represent the Releasor's claims for liquidated damages, and which will be reported by the Employer to the Releasor on a Form 1099; and.

   3.     One check made payable to Barrett & Farahany, LLP in the amount of Three Thousand Five Hundred and 00/100 dollars ($3,500.00), with not deductions or withholdings made, to represent the Releasor's claims for attorneys' fees and costs, and which will be reported by the Employer to the Releasor and Barrett & Farahany, LLP on a Form 1099.

   B.     The Releasor acknowledges and agrees that the payments set forth above representing unpaid overtime wages and liquidated damages fairly and

fully compensate her for all overtime and other wages allegedly owed to her by the Employer during her employment, and that they constitute full and complete payment of any unpaid overtime and other wages allegedly owed to her from her employment at the time of her execution of this Agreement.

> 3. **Release of Claims:**

For and in consideration of the payments specified in paragraph 2, the sufficiency of which is hereby acknowledged, the Releasor knowingly and voluntarily releases and forever discharges the Releasees from any and all causes of action, suits, debts, sums of money, damages, judgments, and claims whatsoever for alleged unpaid overtime or other unpaid wages during her employment in violation of the Fair Labor Standards Act ("FLSA") or any other applicable law.

> 4. **Motion to Approve Settlement:**

> A.      The Releasor agrees to dismiss with prejudice her Complaint for Damages in the above-captioned civil action, and any associated claim for unpaid overtime or other wages during her employment, under the FLSA or otherwise.

> B.      Following their execution of this Agreement, the Releasor and the Employer agree to jointly file in the above-captioned civil action the Joint Motion to Approve Settlement Agreement and Dismiss Claims, which is attached to this Agreement as Exhibit 1 ("the Joint Motion"), attaching thereto an executed copy of this Agreement. The parties will cooperate and take all necessary steps to effectuate final judicial approval of the Joint Motion.

> C.      This Agreement shall become effective and binding upon the Releasor upon her execution of the Agreement.   The Agreement shall not become effective, however, with respect to the Employer, and the Employer shall have no obligation to make the payments set forth in paragraph 2, unless and until the Court approves in its entirety the Joint Motion and enters an order approving this Agreement and dismissing with prejudice the Releasor's Complaint for Damages in the above-captioned civil action.   If the Court does not grant the Joint Motion or approve this Agreement or dismiss with prejudice the Releasor's Complaint for Damages in the above-captioned civil action for any reason, then this Agreement will become voidable by the Employer in its sole discretion and option.

> 5. **Covenant Not to Sue:**

The Releasor agrees and covenants that neither she, nor any person,

organization, or other entity acting on her behalf has or will: (A) sue or cause or permit suit against the Releasees upon any claim released by this Agreement; (B) participate in any way in any such suit or proceeding; or (C) execute, seek to impose, collect, recover upon, or otherwise enforce or accept any judgment, decision, award, warranty, or attachment upon any claim released by this Agreement.   In the event of any claim by an agency or federal or state government or agency, or a claim by any person or entity, against the Employer or any of the Releasees for unpaid overtime or other wages during her employment allegedly owed to the Releasor, the Releasor agrees and covenants to return to the Employer upon receipt any sums paid by or to the Releasor or collected on the Releasor's behalf paid pursuant to any such claim.

**6.     Non-Admission:**

The parties recognize that there is a legitimate dispute between them regarding the legal merits of the above-captioned civil action and the Releasor's claims for unpaid overtime and other wages made therein.    In that regard, the Releasor acknowledges that the payments set forth in paragraph 2 of this Agreement do not constitute any admission of liability by the Employer or any of the Releasees, by whom any and all liability is expressly denied.   This Agreement shall not be deemed an admission of liability or a violation of any law, rule, regulation or order, of any kind.

**7.     Successors and Assigns:**

This Agreement shall be binding upon the Releasor and the Releasor's heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of the Releasees and their predecessors, successors, and assigns.  The Releasor may not assign this Agreement.

**8.     Complete Agreement:**

A.     This Agreement constitutes the entire agreement between the Releasor and the Employer pertaining to those subjects contained herein, and it supersedes all prior and contemporaneous agreements, representations, and understandings.

B.     This Agreement may not be altered, amended, modified, or otherwise changed in any way except by a writing duly executed by the Releasor and an authorized representative of the Employer.

C. If a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

**9.     Miscellaneous Provisions:**

A. The Releasor acknowledges that neither the Employer nor their attorneys make any representation as to the tax consequences, if any, of the provisions of this Agreement. The Releasor agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. The Releasor further agrees to indemnify and hold the Releasees harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries by any government entity or agency against the Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws, and any costs, expenses, or damages sustained by the Releasees by reason of any such claims, including any amounts paid by the Employer as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest, or otherwise.

B. This Agreement may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax or scanned signatures in lieu of original signatures are acceptable.

**IN AGREEMENT HERETO,** the Releasor and the below representative of the Employer set their hand and seal.

**THE RELEASOR**                              **THE EMPLOYER**

_____                   _____
Eve Poythress                                 Kalka & Baer, LLC.


_____                   _____
Date                                          Date